IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| IN RE RONALD DWAYNE WHITFIELD § § § § | MISC. NO. C-08-21 |

**MEMORANDUM AND RECOMMENDATION TO
DENY MOVANT'S EMERGENCY MOTION FOR LEAVE TO FILE**

Texas state prisoner Ronald Dwayne Whitfield is currently incarcerated in the McConnell Unit in Beeville, Texas. On February 21, 2008, he filed an emergency motion for leave to file both a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). He also seeks to proceed in forma pauperis. Id. at 1.

## I. BACKGROUND

Movant is an abusive litigant who has accumulated more than three strikes pursuant to 28 U.S.C. § 1915(g). Therefore, he is barred from proceeding in forma pauperis in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury. More important, he has been sanctioned by various courts as a result of his frequent frivolous filings.[1]

---

[1] Movant has been sanctioned repeatedly and has had numerous actions dismissed because they were frivolous. Whitfield v. Mitchell, No. 93-1566 (5th Cir. Aug. 18, 1993) (unpublished); Whitfield v. Collins, 4:94-cv-872 (S.D. Tex. Oct. 24, 1994) (warning issued); Whitfield v. State of Texas, et al, 6:95-cv-091 (W.D. Tex. May 9, 1995) (sanctioned $120.00 and

Notably, the sanctions lodged against him include orders from various courts that he may not file documents in those courts without first obtaining permission. Indeed, in 2006 he filed six motions for leave to file suit in the Corpus Christi Division.  See Whitfield v. Tex. Bd. of Crim. Justice, No. 06-cv-42 (S.D. Tex.); Whitfield v. Bush, et al., No. 06-cv-120 (S.D. Tex.); Whitfield v. Tex. Dep't of Crim. Justice - Institutional Div., No. 06-mc-41 (S.D. Tex.); In re Whitfield, No. 06-mc-42 (S.D. Tex.); In re Whitfield, No. 06-mc-75 (S.D. Tex.); Whitfield v. Quarterman, No. 06-mc-94 (S.D. Tex.).  All of these motions were denied.

---

barred from filing new civil actions until paid); Whitfield v. Scott, 6:95-cv-433 (E.D. Tex. June 28, 1995) (prevented from filing action and warned about circumventing federal court sanctions); Whitfield v. Lanier, No. 94-20069 (5th Cir. Mar. 2, 1994) (unpublished) (1st strike for frivolous appeal); Whitfield v. Klevenhagen, No. 94-20068 (5th Cir. Mar. 2, 1994) (unpublished) (2nd strike for frivolous appeal); Whitfield v. Lanier, No. 94-20353 (5th Cir. June 2, 1994) (unpublished) (sanctioned $50.00); Whitfield v. Webb, et al., 4:94-cv-4194 (S.D. Tex. Feb. 23, 1995) (sanctioned $25.00); Whitfield v. Collins, et al., 4:94-cv-2630 (S.D. Tex. Jan. 9, 1996) (sanctioned $50.00 and barred from filing new civil rights actions); Whitfield v. Lanier, No. 96-20971 (5th Cir. Nov. 5, 1996) (unpublished) (warned regarding frivolous filings); In re: Ronald Whitfield, No. 97-00395 (5th Cir. Oct. 7, 1997) (unpublished); Whitfield v. Johnson, 4:97cv3148 (S.D. Tex. Oct. 30, 1997) (barred from proceeding in forma pauperis without Court's permission); In re: Ronald Whitfield, No. 97-00454 (5th Cir. Oct. 7, 1997) (unpublished) (regarding No. 6:95-cv-091 (W.D. Tex.) (plaintiff is barred from proceeding in forma pauperis and later sanctioned $200.00 for repeated disregard for court orders and repeated abuse of the judicial system)); Whitfield v. Johnson, 4:94-cv-2767 (S.D. Tex. May 15, 2000) (sanctioned $750 for his "unregenerate abuse of the judicial system"); Whitfield v. Ott, et al., 4:00-cv-2367 (S.D. Tex. July 17, 2000) (sanctioned $200.00 for repeated disregard of court orders); In re: Ronald Dwayne Whitfield, No. 00-00054 (5th Cir. Oct. 24, 2000) (unpublished) (barred based on three-strikes rule); Whitfield v. Cockrell, 4:02-cv-4218 (S.D. Tex. Dec. 12, 2002) (plaintiff is barred from future filings and the clerk is instructed to return future submissions in envelope marked "Frivolous Filer, Return to Sender"); Whitfield v. Scott, 6:97-cv-27 (E.D. Tex. Jan. 23, 1997) (sanctioned $120.00); Whitfield v. Dretke, et al., No. 03-20424 (S.D. Tex. Dec. 2, 2003) (unpublished) (sanctioned $200.00 and barred from filing based on three-strikes rule).  There is no indication that movant has paid any of these fines.

Similarly, he filed three such motions last year in the Corpus Christi Division, two of which have been denied. Whitfield, et al. v. Quarterman, et al., No. 07-mc-91 (S.D. Tex.); In re Whitfield, No. 07-mc-114 (S.D. Tex.). A magistrate judge has recommended that the third motion be denied. In Re Whitfield, No. 07-mc-69 (S.D. Tex.). In 2008, he has already once been denied permission to file. Whitfield v. Quarterman, No. 08-cv-2 (S.D. Tex.). Due to his repeated abusive filings, movant has been barred from filing petitions for certiorari or for extraordinary writs in noncriminal matters without paying the fee. Whitfield v. Texas, 527 U.S. 885, 885-86 (1999) (per curiam).

On February 21, 2008, movant filed the pending emergency motion for leave to file a § 1983 complaint and a § 2241 petition. (D.E. 1). In his pending motion, he maintains that this Court has violated Matthew 9:33-37 by interfering with his vow not to set foot in McConnell Unit's cafeteria. Id. at 3-4. He asserts that his civil rights are being violated because he has no income, and almost no commissary food left. Id. at 4. He also asserts that he has no conviction or judgment of conviction, and seeks to challenge "only 'the fact' of his confinement" in federal habeas proceedings, id. at 5, as violating Article 42.09 of the Texas Code of Criminal Procedure. Id. at 6, 9. His motion fails to note anything posing an imminent physical threat.

Movant originally received probation in his conviction for theft in cause

number 525,468, but on July 26, 1989 his probation was revoked and he was sentenced to five years incarceration. Whitfield v. State, 2005 WL 310062, at *1 (Tex. App. Feb. 10, 2005) (per curiam) (unpublished). Furthermore, he "was convicted of the offense of burglary of a motor vehicle with intent to commit theft in case number 528,856, and on August 11, 1989, [he] was sentenced to confinement for five years." Id.; see also In re Whitfield, 2000 WL 567558, at *1 (Tex. App. May 11, 2000) (per curiam) (unpublished). "After a jury trial in cause number 617,718, [movant] was convicted of the offense of burglary of a building with intent to commit theft, enhanced by two prior felony convictions. On June 5, 1992, appellant was sentenced to confinement ... for thirty-five years." Whitfield v. State, 2005 WL 486628, at *1 (Tex. App. Mar. 3, 2005) (per curiam) (unpublished); see also Whitfield v. State, 1993 WL 322738 (Tex. App. Aug. 26, 1993) (unpublished) (affirming sentence of 35 years).

## II.  DISCUSSION

Movant provides no evidence that he has exhausted his administrative remedies. 28 U.S.C. § 2254(b)(1)(A); see also Neville v. Dretke, 423 F.3d 474, 478 (5th Cir. 2005) ("the district court cannot grant habeas relief unless the applicant has exhausted available state court remedies"); Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (dismissal of § 2241 petition for failure to exhaust appropriately). Moreover, given the dates of his convictions, it appears that any

petition would be untimely. 28 U.S.C. § 2254(d)(1) (one-year statute of limitations); <u>Magouirk v. Phillips</u>, 144 F.3d 348, 357 (5th Cir. 1998) ("a federal court may raise sua sponte a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete"); <u>see also</u> <u>Kiser v. Johnson</u>, 163 F.3d 326, 327 (5th Cir. 1999) ("In cases where the petitioner's conviction became final before the enactment of the AEDPA, as here, the time limit runs from April 24, 1996, the date of the AEDPA's enactment."). Furthermore, claims based solely on state law are not cognizable in federal habeas proceedings. <u>Wood v. Quarterman</u>, 503 F.3d 408, 414 (5th Cir. 2007) (citations omitted); <u>see also</u> <u>Porter v. Estelle</u>, 709 F.2d 944, 957 (5th Cir. 1983) ("We have repeatedly admonished that we do not sit as a super state supreme court on a habeas proceeding to review error under state law."). Ultimately, movant provides nothing to support granting his motion.

Regarding movant's civil rights claims, he is a litigant who has accumulated in excess of three strikes under 28 U.S.C. § 1915(g), and is, therefore, barred from proceeding <u>in</u> <u>forma</u> <u>pauperis</u> in any civil action or appeal filed while he is in prison unless he shows that he is under imminent danger of serious physical injury. He makes no such assertion or showing in his current complaint. <u>See</u> <u>Banos v. O'Guin</u>, 144 F.3d 883, 885 (5th Cir. 1998) (per curiam). Instead, he indicates that he may become malnourished because he has undergone a hunger strike and vowed

not to set foot in McConnell Unit's chow hall.  Clearly, this vow and hunger strike are the product of his own actions and thus do not violate his civil rights.

Finally, movant has been barred from filing any actions by this Court, as well as the Fifth Circuit and other federal courts.  He does not establish that he has paid any of the sanctions levied against him.  Indeed, he complains of a hold on his prison account in excess of two thousand dollars.  Id. at 4.  The Fifth Circuit has held that a district court may honor the sanction order of another district court. Balawajder v. Scott, 160 F.3d 1066, 1067-68 (5th Cir. 1999) (per curiam).

### III.  RECOMMENDATION

Movant has not provided an adequate showing that he is entitled to file a motion in this Court.  Therefore, it is respectfully recommended that his emergency motion for leave to file a habeas petition and a civil rights complaint, (D.E. 1), be denied.

Because of his repeated frivolous filings, it is respectfully recommended that movant be sanctioned $100.00 and barred from filing any non-criminal actions in this Court until such fine is paid in full.  Finally, it is respectfully recommended that, should the Court adopt this recommendation, the dismissal be characterized as one described by 28 U.S.C. § 1915(g), and that the Clerk be directed to provide a copy of the order of dismissal to: **District Clerk for the Eastern District of**

**Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.**

    Respectfully submitted this 29th day of February 2008.

                                          _____
                                          BRIAN L. OWSLEY
                                          UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).