IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| In Re: § § § MISC. NO. C-08-21 DONALD WAYNE WHITFIELD § § | |

In Re: §
§
§ MISC. NO. C-08-21
DONALD WAYNE WHITFIELD §
§

## ORDER DENYING EMERGENCY MOTION FOR INJUNCTION

On this day came on to be considered Movant Donald Wayne Whitfield's "emergency motion," asking the Court for an injunction ordering Movant's "immediate release" from custody, or in the alternative, that Movant be placed in the custody of a particular county sheriff. (D.E. 4).[1] For the reasons set forth below, Movant's emergency motion for an injunction is hereby DENIED.

I.   **Background**

   A.   **Movant's Litigation History**

Movant is an abusive litigant who has filed over sixty actions in federal district court. See In re: Ronald Dwayne Whitfield, No. 2:07-cv-114 (S.D. Tex. Oct. 9, 2007 Order at 2) ("A recent review of Whitfield's litigation history shows that he has filed more than sixty (60) civil actions in federal district court."). Movant's conduct has resulted in repeated and significant monetary sanctions. See, e.g., In re Whitfield, No. 97-00454 (5th Cir. Oct. 30, 1997 Order) ($100); Whitfield v. Johnson, No. 4:94-cv-02767 (S.D. Tex Mar. 5, 2001 Order Striking

---

[1] Movant filed this "emergency motion" as a portion of his objections to the Memorandum and Recommendation of Magistrate Judge Brian L. Owsley, regarding Movant's motion for leave to file certain documents. (D.E. 2).

1

Pleadings and May 12, 2000 Order Striking Pleadings and Imposing Sanction) ($1500); Whitfield v. Ott, No. 4:00-cv-2367 (S.D. Tex. July 14, 2000 Order) ($200); Whitfield v. Johnson, No. 4:97-cv-3148 (S.D. Tex. April 22, 1999 Order on Motion) ($200); Whitfield v. Webb, No. 4:94-cv-4191 (S.D. Tex. Sept. 20, 1996 Order) ($25); Whitfield v. Collins, No. 4:94-cv-2630 (S.D. Tex. Jan. 9, 1996 Order) ($50); Whitfield v. State of Texas, et al., No. 1:95-cv-023 (N.D. Tex. Feb. 13, 1995 Order) ($250).  In In re Whitfield, No. 97-00454 (5th Cir. Oct. 30, 1997 Order), the Fifth Circuit stated as follows:

> We impose upon Whitfield a sanction in the amount of $100, payable to the Clerk of this court.  Until such sanction is paid in full, the Clerk of this court is directed to accept no further notices of appeal, motions, or other pleadings filed by Whitfield. Even after the sanction is paid, the Clerk of this court is directed to accept no further notices of appeal, motions, or other pleadings from Whitfield unless Whitfield has obtained permission to file them from a judge of this court.

Furthermore, in Whitfield v. Prasifka, et al., No. 2:03-cv-001 (S.D. Tex. Feb. 11, 2003 Order), this Court stated as follows:  "[I]t is ORDERED that Plaintiff is ... barred from filing any pleadings in this division until such time as he can demonstrate that prior financial sanctions [*i.e.*, the sanctions listed above] have been paid in full, except upon written leave of court."  The docket sheets in the aforementioned cases do not reflect, and Movant has provided the Court with no evidence, that any of the aforementioned monetary sanctions have been paid.[2]

---

[2] Movant is currently serving a sentence of thirty-five years confinement, following a jury trial in cause number 617,718, where Movant was convicted of the offense of burglary of a building with intent to commit theft, enhanced by two prior felony convictions.  See Whitfield v. State, 2005 WL 486628, at *1 (Tex. App. Mar. 3, 2005) (per curiam); see also Whitfield v. State, 1993 WL 322738 (Tex. App. Aug. 26, 1993) (affirming sentence of 35 years).  Movant's numerous filings center on his argument that his conviction is somehow procedurally deficient, and that he should be immediately released based on these supposed procedural irregularities. Numerous courts have repeatedly rejected Movant's frivolous arguments.

B.          **Movant's "Emergency Motion" for an Injunction**

On February 21, 2008, Movant filed an "emergency motion" for leave to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a civil rights complaint pursuant to 42 U.S.C. § 1983. (D.E. 1). Movant sought to file his habeas petition and civil rights complaint in a single document, and he sought to proceed *in forma pauperis* with respect to this pleading. (Id.). On March 3, 2008, Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation recommending that Movant's motion to file a habeas petition and a civil rights complaint be DENIED, and that Movant be sanctioned $100.00 because of his repeated frivolous filings. (D.E. 2).[3]

On March 11, 2008, Movant filed objections to the Memorandum and Recommendation issued by Magistrate Judge Owsley (D.E. 3). As a part of his objections, Movant included his "emergency motion" for an injunction ordering his immediate release from prison, or in the alternative, his immediate release into the custody of the Harris County Sheriff (D.E. 4). As set forth below, this emergency motion for an injunction must be DENIED, because the proper method for seeking immediate or early release from custody is by a petition for writ of habeas corpus, not via a motion for injunctive relief.

---

[3]The Memorandum and Recommendation notes that Movant is an abusive litigant who has accumulated more than three strikes pursuant to 28 U.S.C. § 1915(g), and is therefore barred from proceeding *in forma pauperis* in any civil action or appeal while he is incarcerated, unless he shows that he is in imminent danger of serious physical injury. In this case, Movant makes no reference to any imminent danger of serious physical injury. Movant references a "hunger strike" whereby he is refusing to eat any food from the McConnell Unit cafeteria or commissary. However, Movant himself chose to enter into the hunger strike and has the power to end the hunger strike by his own actions. Movant's voluntary hunger strike does not place him in imminent danger of serious physical injury at the McConnell Unit.

III.    **Applicable Law**

Movant styles his motion as an "emergency motion" seeking an "injunction," ordering his immediate release from prison, or transfer to the custody of the Harris County Sheriff.[4] Essentially, Movant seeks release from custody of the Texas Department of Criminal Justice, on the various grounds Movant asserts in his many petitions before this and other Courts.  However, courts have repeatedly held that Movant's sole remedy in seeking such an immediate or early release from custody is <u>not</u> to seek an injunction, but rather to file a petition for writ of habeas corpus.  See Hightower v. Rodriguez, 2002 WL 1219681, at *1 (5th Cir. May 22, 2002) (citing Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)) ("When a state prisoner ... 'is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"); Timmons v. Quarterman, 2008 WL 483450, at *2 (N.D. Tex. Feb. 19, 2008) (citing Wilkinson v. Dotson, 544 U.S. 74, 81, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005)) (holding that it is "well-established" "that prisoners must challenge their claims in habeas if 'they seek to invalidate the duration of their confinement - either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.'"); Franklin v. Quarterman, 2006 WL 2168023, *1 (S.D. Tex. July 27, 2006) (same); Gross v. Quarterman, 2007 WL 4411755, at *4 (S.D. Tex. Dec. 17, 2007) (same).

---

[4]Specifically, Movant seeks to be returned "to the custody of the Sheriff of the County which transported [Movant] to [the custody of the Texas Department of Criminal Justice]". (D.E. 4, p. 1).

Movant here seeks an injunction ordering his release from the custody of the Texas Department of Criminal Justice.[5] As set forth above, Movant cannot file a motion seeking such injunctive relief. See id.[6] Rather, the proper method for seeking a release from custody (or challenging the legality of the State's custody) is to file a petition for writ of habeas corpus.[7] See id. Accordingly, Movant's emergency motion for an injunction is hereby DENIED.

---

[5]Movant seeks this release either in the form of an immediate total release from all custody, or a release from Texas Department of Criminal Justice custody into the custody of the Harris County Sheriff. (D.E. 4, p. 1).

[6]Even if Movant could file a motion for an injunction seeking release from TDCJ custody, Movant would not be entitled to injunctive relief. To be entitled to injunctive relief, a movant must satisfy the following four criteria: "(1) irreparable injury; (2) substantial likelihood of success on the merits, (3) a favorable balance of hardships, and (4) no adverse effect on the public interest." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In this case, Movant has a very low likelihood of success on the merits of his claim that his conviction is invalid. Movant has raised the same arguments in the numerous actions he has brought before this and other Courts, and Movant's arguments have been consistently rejected as frivolous. Further, movant has not shown any "irreperable harm" from his remaining in custody. All Movant points to is his voluntary hunger strike, which is a problem of his own making and a situation he alone has the power to change.

[7]Movant has filed numerous petitions for writs of habeas corpus in this and other Courts, which have all been DENIED. In the case currently before the Court, Case No. 08-mc-21, In re: Whitfield, Petitioner again seeks to file another petition for writ of habeas corpus (D.E. 1). Petitioner's motion to file a habeas petition is addressed in the Memorandum and Recommendation of Magistrate Judge Owsley (D.E. 2), which recommends that Petitioner's motion for leave to file be DENIED.

IV.     **Conclusion**

For the reasons set forth above, Movant's emergency motion for an injunction ordering Movant's immediate release from custody, or in the alternative, release into the custody of the Harris County Sheriff (D.E. 4), is hereby DENIED.

SIGNED and ORDERED this 13th day of March, 2008.

_____
Janis Graham Jack
United States District Judge