IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

In re:
RONALD DWAYNE WHITFIELD              §
    TDCJ-CID #683064                 §      MISC. NO. C-08-021.
                                     §

**ORDER DENYING MOVANT'S MOTION FOR RECONSIDERATION
AND NOTICE OF REQUIREMENTS FOR ACCEPTANCE OF FUTURE FILINGS**

Movant Ronald Dwayne Whitfield has filed two pleadings objecting to the denial of his motion for leave to file complaint, denying his request to proceed *in forma pauperis* ("i.f.p."), and denying his emergency motion to be released from prison. (D.E. 7, 8). Construing the pleadings as made pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, seeking to alter or amend the judgment, the Court denies Whitfield's request for relief.

**I.      Background.**

On February 21, 2008, Whitfield filed a motion for leave to file a civil rights action and/or habeas corpus petition, and sought to proceed i.f.p.. (D.E.1). On February 29, 2008, the magistrate judge recommended that movant's motion for leave to file complaint and motion to proceed i.f.p. be denied because he is a three-strikes litigant and he failed to allege imminent danger. (D.E. 2). See 28 U.S.C. § 1915(g) (permitting exception to three-strikes litigants to proceed i.f.p. if they can demonstrate imminent danger of serious physical injury). On March 11, 2008, Whitfield filed objections to the recommendation (D.E. 3). He also filed an "emergency motion" seeking release from prison, and requesting that he be transferred to the custody of the Harris County Sheriff. (D.E. 4). On March 13, 2008, the Court denied movant's request for emergency relief, adopted the recommendation of the magistrate judge, and denied Whitfield's motion for leave to file complaint and to proceed i.f.p. (D.E. 4, 5). On March 14, 2008, Whitfield filed revised objections to the recommendation. (D.E. 7).

On March 20, 2008, Whitfield filed an "urgent response" to the Court's order adopting the recommendation. (D.E. 8).

**II.     Discussion.**

Any motion asking the Court to revisit its judgment filed within ten days of entry is considered made pursuant to Rule 59(e). Days v. Johnson, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); Bass v. Department of Agriculture, 211 F.3d 959, 962 (5th Cir. 2000); Fletcher v. Apfel, 210 F.3d 510, 511 (5th Cir. 2000). In this case, final judgment was entered on March 13, 2008. (D.E. 6). Plaintiff executed his revised objections prior to entry of judgment, on March 5, 2008, but they were not received by the Court until March 14, 2008. (D.E. 7 at 17). Movant's "urgent motion" to reconsider was executed on March 18, 2008. (D.E. at 8 at 3). Movant's pleadings are deemed filed as of the date of execution. Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998). Thus, the pleadings seeking reconsideration were filed within ten days of entry of final judgment, and are considered properly under Rule 59(e). [1]

"A Rule 59(e) motion is a motion that calls into question the correctness of a judgment. Rule 59(e) is properly invoked 'to correct manifest errors of law or fact or to present newly discovered evidence.'" In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002) (quoting Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

In his motions to reconsider, Whitfield simply reurges the same arguments previously raised:

---

[1] Though executed prior to the entry of judgment, the Court considers Whitfield's additional objections to the recommendation (D.E. 6), received by the Court on March 14, 2008, in the context of Rule 59(e).

that his current incarceration is illegal because he was never convicted or sentenced by a state court,[2] and that he is imminent danger because he is on a food strike.

The courts have stated that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 325 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed, and the complaint must refer to a "genuine emergency" where "time is pressing." Heimerman v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003). In passing the statute, Congress intended a safety valve to prevent impending harms, not those which had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001).

Whitfield fails to allege imminent injury for purposes of § 1915(g).[3] Indeed, he complains only that he should never have been arrested or convicted. Although he threatens a food strike, the Court takes judicial notice of the fact that he has filed three lawsuits with this Court since January 4, 2008, and that he threatens a food strike in each of these actions to protest his detention. See 02:08mc002; 02:08mc021; 02:08mc026. However, a reading of these various complaints reveals that Whitfield often conditions the purported food strike upon the failure of his family to send funds. In addition, he claims to have been on a food strike since 2003, but admits to visiting the chow hall, eating commissary food, and claims no injury except "weakness." There is no evidence that Whitfield is in

---

[2] As discussed in the magistrate judge's recommendation (D.E. 2), following a jury trial, Whitfield was convicted of the offense of burglary of a building with intent to commit theft, enhanced by two prior felony convictions, and on June 5, 1992, sentenced to 35 years confinement in the TDCJ-CID. See Whitfield v. State, 2005 WL 486628 at * 1 (Tex. App. Mar. 3, 20050 (per curiam) unpublished); see also Whitfield v. State, 1993 WL 322738 (Tex. App. Aug. 26, 1993)(unpublished)(affirming 35-year sentence).

[3] Whitfield argues that § 1915(g) does not apply in habeas corpus proceedings. (D.E. 7 at 2-3). This is a misstatement of the law. The three-strikes rule applies to all "civil actions or appeals" filed while the prisoner is "incarcerated or detained in any facility." 28 U.S.C. § 1915(g).

imminent danger of physical injury from any outside source.

Moreover, there is no indication that Whitfield is in any type of danger which would warrant excusing him from complying with orders in other federal courts that he pay monetary sanctions. The Fifth Circuit has held that a district court may enforce the sanction order of another district court. Balawaider v. Scott, 160 F.3d 1066, 1067-68 (5th Cir.) (per curiam), cert. denied, 526 U.S. 1157 (1999).

For these reasons, Whitfield's Rule 59(e) motions to reconsider (D.E. 7, 8), are DENIED.

## NOTICE TO MOVANT REGARDING REQUIREMENTS FOR FUTURE FILINGS

As noted above, this is the third case Whitfield has attempted to file since the new year. Moreover, the docket reveals that Whitfield has filed over thirty cases in the Southern District of Texas alone. He is an abusive litigant who has lost the privilege of proceeding *pro se*, yet he continues to file frivolous pleadings, placing an unnecessary burden on the Court's resources. Accordingly, the Court hereby advises Ronald Dwayne Whitfield that all future filings must meet the following four (4) requirements:

1. The initial pleading must be submitted on the correct preprinted § 1983 complaint form or § 2254 habeas corpus form;[4]

2. The initial pleading must be accompanied by a motion for leave to file;

3. The initial pleading must be accompanied by an application to proceed i.f.p. ***with a copy of the inmate trust fund account attached;*** and

4. The pleadings must be directed to the Court ***only.***[5]

---

[4] These forms are readily available at the McConnell Unit law library of by writing to the Clerk of the Court and requesting copies.

[5] Whitfield often addresses his pleadings to his mother, father, and various other family members, judges, state officials, and other non-parties that are not properly before the Court.

**The Clerk of the Court is instructed to return to Whitfield any filings that do not conform to the four requirements set forth above.**

SIGNED and ORDERED this 28th day of March, 2008.

*Janis Graham Jack*
Janis Graham Jack
United States District Judge